IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

DEMONTE RENN, et al.

:

v.                                    : Civil Action No. DKC 2004-2080

:

BOARD OF COMMISSIONERS OF
CHARLES COUNTY, MD, et al.      :

## MEMORANDUM OPINION

Presently pending and ready for resolution are the following motions: (1) a motion for summary judgment filed by Defendants Board of Commissioners of Charles County, Maryland ("Charles County"), Jerry Michael, Mike Seward, Mike Quinlan, Calvin Ross, Edward Kordell, and Karl Ott (paper 47); (2) a motion in limine filed by Plaintiffs Deborah Renn and Great West Casualty Company ("Great West") (paper 46); (3) a motion to supplement filed by Plaintiffs (paper 52); and (4) a motion to strike filed by Defendants (paper 53). The issues have been briefed fully and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant in part Defendants' motion for summary judgment, and will remand Plaintiffs' remaining state law claims to state court.

## I.    Background

The following facts are presented in the light most favorable to Plaintiffs. In June 2001, DeMonte Renn was employed by Superior Carriers, Inc., as a tanker truck operator. On or about June 13, 2001, Mr. Renn delivered a load of ferric chloride to the Charles

County Mattawoman Waste Water Treatment Plant ("MWWTP"), a water treatment facility owned, operated, and maintained by the Charles County Department of Utilities in La Plata, Maryland.   Upon arriving at the facility, Mr. Renn, who had never been to the site before, went to the administration/control building and told the receptionist, Elaine Dixon, he was there to deliver ferric chloride. Ms. Dixon contacted supervisor Mike Seward and asked him to escort Mr. Renn to the building where he was to unload the chemical.   Mr. Seward took Mr. Renn to the sodium hypochlorite building instead of the ferric chloride building and told him which fitting on the side of the building to hook up to in order to unload the product.   Mr. Seward left when Mr. Renn was ready to download.   As he was hooking up, Mr. Renn wore an acid suit and a half-face chemical cartridge respirator.   Mr. Renn removed the protective equipment after the connections were made in accordance with Superior Carrier's safety policy.

Mr. Renn began to download the ferric chloride even though a small sign on the fitting said "HYPO" because this was where Mr. Seward had told him to put the product.   As the chemical was downloading, he went to the cab of his truck.   He noticed an odor and saw a cloud near the hookup, at which point he realized the ferric chloride was reacting with the contents of the storage tank, which was in fact sodium hypochlorite.   Mr. Renn held his breath and ran into the cloud, where he stopped the motor/compressor and

closed the valve lines so no more product would download.  He then left the area to report the incident.

The incident was reported to Mr. Seward and other supervisors, and to 911.  Mr. Renn, four MWWTP employees, and an employee from a septic company contractor were taken to Civista Hospital because they were experiencing severe eye and respiratory irritation.  A fifth MWWTP employee who had finished his shift went home before ambulances arrived, but he later was told to go to Civista.  All were treated and released except Mr. Renn, who was kept at the hospital.

On or about June 10, 2004, Mr. Renn and his wife Deborah Renn, for themselves and for Great West, filed suit in Circuit Court for Charles County against the Board of Commissioners of Charles County, as well as Defendants Jerry Michael, Mike Seward, Mike Quinlan, Calvin Ross, Edward Kordell, Rusty Talcott, Tony Clark, and Karl Ott.[1]  The complaint alleged negligence (count I) and loss of consortium (count II) against all Defendants, and federal civil rights claims under 42 U.S.C. §§ 1983 and 1988 against Defendant Seward (count IV), as well as against the individual county

---

[1] As well as naming the "Board of Commissioners of Charles County," Plaintiffs named the five county commissioners, individually and in their official capacity.  Defendant Jerry Michael was named individually and in his capacity as Director of Utilities of Charles County.  The remaining defendants were named individually and in their capacity as employees of the Department of Utilities, working at the MWWTP.  On December 22, 2004, the court ordered the claims against Mr. Talcott dismissed pursuant to Fed.R.Civ.P. 4(m).  (Paper 21).

commissioners and Jerry Michael, the county's Director of Utilities (count V).  In addition, Plaintiffs sought to recover on behalf of Great West the workers' compensation benefits it has paid to, and on behalf of, Mr. Renn (count III).

On July 6, 2004, the case was removed to this court on the basis of federal question jurisdiction.[2]  Subsequently, on July 15, 2004, Defendants moved to dismiss counts I and II for failure to provide notice as required under Maryland's Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-304.  The court denied the motion.

Mr. Renn died on February 15, 2005.  There are no allegations that his death is related to the incident that is the subject of this lawsuit.  On August 4, 2005, Plaintiffs filed a motion for leave to file a First Amended Complaint in light of Mr. Renn's death.  The First Amended Complaint identifies Plaintiffs as Deborah Renn, individually and as personal representative of the estate of DeMonte Renn, and Deborah Renn, for herself and for Great West Casualty Company.[3]

---

[2] Although Plaintiffs claim Delaware as their state of residency, removal jurisdiction based on diversity of citizenship was unavailable because Defendants are from Maryland.  *See* 28 U.S.C. § 1441(b).

[3] The counts and causes of action did not change.

## II.   Motion for Summary Judgment and Remand

On January 12, 2006, Defendants filed a motion for summary judgment on all counts.   (Paper 47).   Plaintiffs do not oppose summary judgment as to the federal claims (counts IV and V) of the First Amended Complaint.   They also do not oppose summary judgment as to counts I, II, and III against individual defendants Mr. Michael, Mr. Quinlan, Mr. Ross, Mr. Kordell, and Mr. Ott. Accordingly, the court will grant Defendants' motion for summary judgment as to counts IV and V of the First Amended Complaint, and on counts I, II, and III against Mr. Michael, Mr. Quinlan, Mr. Ross, Mr. Kordell, and Mr. Ott.

Plaintiffs do, however, oppose summary judgment on the state law claims of negligence (count I), loss of consortium (count II), and recovery of a worker's compensation lien (count III) against defendants Charles County Board of County Commissioners and Mr. Seward.   Plaintiffs ask the court to remand the case to Charles County for trial on those claims.   Defendants object to remand, ask the court to exercise supplemental jurisdiction over the remaining state law claims, and to grant their motion for summary judgment.

Pursuant to 28 U.S.C. § 1367(c)(3), the court has discretion to decline exercising supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction . . . ."   *See Bigg Wolf Disc. Video Movie Sales, Inc. v. Montgomery County*, 256 F.Supp.2d 385, 400–01 (D.Md.

2003).  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surefooted reading of applicable law."  The *Gibbs* Court went on to say that "if the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."  *Id.; see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[W]e conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

In *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit identified the following factors that a court should consider in deciding whether to accept or decline supplemental jurisdiction: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."

Defendants argue "as a matter of fairness to Defendants," this court should exercise its discretion to accept supplemental jurisdiction because the case has been pending for more than a

year, discovery is complete, and Defendants have filed a dispositive motion. (Paper 51, at 3). In support, they cite two cases, *Andrews v. Anne Arundel County*, 931 F.Supp 1255 (D.Md. 1996), and *Washington v. Union Carbide Corp.*, 870 F.2d 957 (4th Cir. 1989). These cases do not help Defendants' argument. In *Andrews*, the court declined to exercise supplemental jurisdiction, and in so doing, the court recognized that "[r]emand of removed cases under such circumstances is the general rule." *Andrews*, 931 F.Supp. at 1268. The *Andrews* court further noted that judicial economy would be served because the issues in the case "have been developed and narrowed in federal court, and, as a result, they will be in a posture to be readily resolved in state court . . . ." *Id.* (quoting *McCullough v. Branch Banking & Trust Co.*, 844 F.Supp. 258, 262 (E.D.N.C. 1993)). In the second case, *Union Carbide*, the Fourth Circuit held that the district court had jurisdiction to consider the plaintiff's state law claim in order to resolve a preemption question and to determine the court's jurisdiction. *Union Carbide*, 870 F.2d at 960.

The court recognizes that the parties have conducted discovery and have briefed the summary judgment issue, however, the parties would have had to conduct discovery and file dispositive motions, regardless of the forum. *See Andrews*, 931 F.Supp. at 1268; *Parker & Parsley Petroleum*, 972 F.2d 580, 588 (5th Cir. 1992). Moreover, fairness to the parties is just one factor. The remaining factors

– a lack of underlying issues of federal policy, comity, and judicial economy – all counsel in favor of remand.  Accordingly, the court will decline to exercise supplemental jurisdiction and the case will be remanded to the Circuit Court for Charles County.

## III. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment will be granted as to counts IV and V of the First Amended Complaint in favor of all Defendants and on counts I, II, and III in favor of Mr. Michael, Mr. Quinlan, Mr. Ross, Mr. Kordell, and Mr. Ott.  The court will decline to exercise supplemental jurisdiction over counts I, II, and III against Charles County Board of Commissioners and Mr. Seward, and the case will be remanded to the Circuit Court for  Charles County.  The parties' remaining motions (a motion in limine filed by Plaintiffs (paper 46), a motion to supplement filed by Plaintiffs (paper 52), and a motion to strike filed by Defendants (paper 53)), as well as the motion for summary judgment by the Commissioners and Mr. Seward as to counts I, II, and III, remain for resolution in state court.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
